

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

ANTHONY REID, §
    Petitioner, §
§
vs. § CIVIL ACTION NO. 6:18-00990-MGL
§
B. M. ANTONELLI, §
    Respondent. §

---

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S PETITION UNDER 28 U.S.C. § 2241
WITHOUT PREJUDICE AND WITHOUT REQUIRING RESPONDENT TO FILE A
RESPONSE**

---

This case was filed as a petition for writ of habeas corpus (petition) under 28 U.S.C. § 2241 (section 2241). Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the petition be dismissed without prejudice and without requiring Respondent to file a response. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on May 22, 2018, ECF No. 9, and the Clerk of Court entered Petitioner's objections to the Report on May 31, 2018, ECF No. 12. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

As a preliminary matter, the Magistrate Judge recommended the petition be dismissed because Petitioner failed to allege he lost any good time credit, and thus neglected to "raise an issue that affects the duration of the petitioner's confinement . . . ." ECF No. 9 at 3. In his objections, Petitioner admits he has not lost any good time credit (GTC). ECF No. 12 at 1. As a result, there has been no time added to Petitioner's incarceration, and a habeas corpus action will not lie. See *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (noting a habeas corpus action is proper where "success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Petitioner objects the Magistrate Judge erred in not finding the prison "at fault for failing to apprise" Petitioner of 28 CFR § 543.11(i). ECF 12 at 1. 28 CFR § 543.11(i) requires the Warden of a federal prison to give an inmate who needs to meet an imminent court deadline a

2

"special time allowance for research and preparation of documents . . . . Otherwise, each inmate shall continue his regular institutional activities without undue disruption by legal activities." Petitioner advances if the infraction he incurred as a result of allegedly missing his GED class were removed from his record, he would be eligible sooner for a lower security placement. Habeas corpus is the appropriate remedy, however, when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." See *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Petitioner here does not seek immediate or speedier release from custody, but reclassification and quicker transfer to a lower security institution. This is not the type of claim habeas corpus seeks to remedy. For the above reasons, the Court will overrule Petitioner's objections.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a response.

To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 7th day of June, 2018, in Columbia, South Carolina.

                                                  <u>s/ Mary Geiger Lewis</u>
                                                  MARY GEIGER LEWIS
                                                  UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.